# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| MAURO HINOJOSA <br><br> Plaintiff <br><br> v. <br><br> CALLAN MARINE LTD., AND GARBER BROS., LLC <br> Defendants | CAUSE NO. <br><br> **JURY DEMAND** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Mauro Hinojosa ("Plaintiff"), by counsel, for his Complaint, states as follows:

## THE PARTIES

1. The Plaintiff, Mauro Hinojosa ("Plaintiff", or "Mr. Hinojosa"), is an individual and resides at 3108 Prairie Dr. Dickinson, TX 77539.

2. The Defendant, CALLAN MARINE LTD., is a Texas Company, headquartered with its principal office in Texas, and can be served through its registered agent: Todd P. Sullivan, 6702 Broadway St., Galveston, TX 77554-8906.

3. The Defendant, GARBER BROS., LLC, is a Louisiana Company, headquartered with its principal office in Louisiana, and can be served through its registered agent: Grant T. Garber, 5900 HWY 90 East, Broussard, LA 70518.

**JURISDICTION**

4.      This is a case of maritime jurisdiction pursuant to 28 U.S.C. § 1333(1).

**VENUE**

5.      Venue is proper pursuant to 28 U.S. Code § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**FACTUAL ALLEGATIONS**

6.      On or about August 1, 2020, Plaintiff was assigned to work on the M/V SEA OAK as a deckhand in Galveston Bay, Texas. Plaintiff was assisting with the mobilizing efforts of the Dredge GENERAL MACARTHUR, and its support flotilla of vessels, before its move to Corpus Christi, Texas. While on the M/V SEA OAK, Plaintiff was forced to lift a heavy cable without adequate mechanical assistance and suffered a severe injury to his back, arms, knees, legs and other parts of his body.  Said injuries were caused in whole or in part by the negligence of the Defendants, their agents, servants and/or employees and/or the unseaworthiness of its vessels. Specifically, Plaintiff was forced to work in an unsafe environment by having to lift improperly stored heavy cables without mechanical assistance.

7.      To make matters worse Plaintiff was denied adequate medical treatment and was ultimately fired for reporting these injury events and seeking medical treatment. As such, Plaintiff has a claim for retaliatory discharge/abusive discharge/wrongful termination. This claim is an intentional tort, entitling the worker to compensatory damages caused by the abusive firing, including the expenses of finding new employment, lost earnings, and lost future earnings. To date, Defendants have also refused to pay maintenance and cure under the Jones Act or any benefits under the Longshore Harbor Worker's Compensation Act ("LHWCA").

8. Plaintiff was employed by Defendant, Callan Marine Ltd., as a maritime worker (either protected by the Jones Act or LHWCA) in support of its dredging business. Callan Marine is not a stevedoring company. Plaintiff suffered serious injuries when he was injured by Defendants' negligence in failing to provide a safe workplace, and more specifically, a safe crew with proper equipment for the conditions. Defendant, Callan Marine Ltd., employed the Plaintiff and owned and operated the Dredge GENERAL MACARTHUR and its support flotilla of vessels and operated the M/V SEA OAK under a charter agreement or other arrangement. Defendant Garber Bros. Ltd, owned and operated the M/V SEA OAK.

## COUNT I

## NEGLIGENCE – JONES ACT

9. Plaintiff reaffirms and realleges Paragraphs 1 through 8 above as if specifically affirmed and alleged herein.

10. The injuries sustained by the Plaintiff, Mauro Hinojosa, were not caused by any fault on his part, but were caused by the negligence of the Defendants, their agents, or servants as follows:

    a. failure to use a mechanical means to lift the heavy cables;

    b. failure to store the heavy cables in a proper manner;

    c. failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances;

    d. failure to use due care to make reasonable and periodic inspection of said vessel, its equipment and appliances;

    e. failure to use due care to furnish the Plaintiff with a reasonably safe place in which to perform his work;

f. failure to use due to care to ensure the weather and sea conditions were appropriate for the work to be done with the equipment and crew available;

g. failure and negligence of fellow employees; and

h. Failure to adequately supervise their crew;

i. Failure to adequately train their crew;

j. Failure to adequately instruct their crew;

k. Failure to have adequate policies and procedures;

l. Failure to have adequate safety policies and procedures;

m. Failure to properly maintain their equipment;

n. Failure to properly inspect their equipment;

o. Failure to properly operate their equipment;

p. Failure to provide adequate equipment;

q. Vicarious liability for the conduct of their employees;

r. Violating applicable Coast Guard, OSHA rules and regulations, and federal law, and surrogate state law;

s. Failure to act and correct a hazard;

t. Failure to warn of a hidden or latent defect of which Defendants knew or should have known about, in the exercise of reasonable care;

u. Failure to protect against hazards arising in areas or equipment that remained under Defendants' active control;

v. Failure to intervene;

w. Failure to implement, follow, and enforce proper safety procedures;

      x.  Other acts deemed negligent, negligent *per se*, and grossly negligent; and

      y.  failure and negligence in other respects that will be shown at trial.

11.     As a result of the said injuries, the Plaintiff has suffered great pain of body and anguish of mind, was prevented from performing his usual duties, incurred medical and hospital expenses, and has suffered and will suffer other damages that will be shown at trial.

12.     This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C. §30104.

**WHEREFORE, PLAINTIFF DEMANDS JUDGMENT IN THE AMOUNT OF ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00) AGAINST DEFENDANTS PLUS INTEREST, COSTS, AND SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS APPROPRIATE.**

## COUNT II

### GENERAL MARITIME LAW – UNSEAWORTHINESS

13.     Plaintiff reaffirms and realleges Paragraphs 1 through 12 above as if specifically affirmed and alleged herein.

14.     The injuries sustained by the Plaintiff, were caused by the unseaworthiness of Defendants, including its vessel, its appliances, appurtenances, and equipment.

15.     As a result of the said injuries, the Plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will continue to suffer other damages that will be shown at trial.

16.     This cause of action is brought under the General Maritime Law based upon unseaworthiness and is for the same cause of action as Count I.

**WHEREFORE, PLAINTIFF DEMANDS JUDGMENT IN THE AMOUNT OF ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00) AGAINST**

**DEFENDANTS PLUS INTEREST, COSTS, AND SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS APPROPRIATE.**

## COUNT III

### GENERAL MARITIME LAW – MAINTENANCE AND CURE

17. Plaintiff reaffirms and realleges Paragraphs 1 through 16 above as if specifically affirmed and alleged herein.

18. As a result of his injuries, the Plaintiff has incurred expenses for his maintenance and cure and will continue to do so. Defendants have failed to pay any maintenance and cure. Plaintiff would show that on or about August 1, 202, he was injured while in the service of the vessel. As a result, Defendant, Callan Marine Ltd., had, and continues to have, a non-delegable duty to provide the Plaintiff with the benefits of maintenance and prompt medical treatment.

19. Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duty continues. Defendant has denied payment and/or has unreasonably delayed payments for maintenance and cure and/or has paid maintenance in an insufficient amount; Defendant denied Plaintiff medical treatment and provided inadequate and incomplete medical treatment. As a result of Defendant's conduct, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or willful, wanton, callous and persistent, and that as a result thereof, Plaintiff is entitled to an award of attorneys' fees and punitive damages, for which he now sues, in addition to all other relief sought.

**WHEREFORE, PLAINTIFF DEMANDS JUDGMENT IN THE AMOUNT OF ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00) AGAINST DEFENDANTS PLUS INTEREST, COSTS, AND SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS APPROPRIATE.**

## COUNT IV

### GENERAL MARITIME LAW – NEGLIGENCE

20. Plaintiff reaffirms and realleges Paragraphs 1 through 19 above as if specifically affirmed and alleged herein.

21. The injuries sustained by the Plaintiff, were due to no fault of his, but were caused by the negligence of the fleet of vessels owned, operated, controlled and/or chartered by Defendants.

22. No benefits have been paid under the Longshore Harbor Worker's Compensation Act (LHWCA) to date. To the extent Defendants have failed to secure payment of compensation as specified by 904(a) and 932(a) of the LHWCA, this cause of action is brought for general maritime negligence, in law and admiralty, pursuant to 905(a) of the LHWCA.

23. As a result of said injuries, Plaintiff has suffered great pain of body and anguish of mind, incurred medical and hospital expenses, lost a great deal of time from his usual work, and has suffered and will suffer other damages as will be shown at the trial.

**WHEREFORE, PLAINTIFF DEMANDS JUDGMENT IN THE AMOUNT OF ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00) AGAINST DEFENDANTS PLUS INTEREST, COSTS, AND SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS APPROPRIATE.**

## COUNT V

### 33 U.S.C. §905(b) – NEGLIGENCE

24. Plaintiff reaffirms and realleges Paragraphs 1 through 23 above as if specifically affirmed and alleged herein.

25. The injuries sustained by the Plaintiff, were due to no fault of his, but were caused by the negligence of the fleet of vessels owned, operated, controlled and/or chartered by Defendants as follows:

a. failure to use a mechanical means to lift the heavy cables;

b. failure to store the heavy cables in a proper manner prior to the lift at issue;

c. failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances;

d. failure to use due care to make reasonable and periodic inspection of said vessel, its equipment and appliances;

e. failure to use due care to furnish the Plaintiff with a reasonably safe place in which to perform his work;

f. failure to use due to care to ensure the weather and sea conditions were appropriate for the work to be done with the equipment and crew available;

g. failure and negligence of fellow employees; and

h. Failure to adequately supervise their crew;

i. Failure to adequately train their crew;

j. Failure to adequately instruct their crew;

k. Failure to have adequate policies and procedures;

l. Failure to have adequate safety policies and procedures;

m. Failure to properly maintain their equipment;

n. Failure to properly inspect their equipment;

o. Failure to properly operate their equipment;

p. Failure to provide adequate equipment;

q. Vicarious liability for the conduct of their employees;

r. Violating applicable Coast Guard, OSHA rules and regulations, and federal law, and

      surrogate state law;

  s. Failure to act and correct a hazard;

  t. Failure to warn of a hidden or latent defect of which Defendants knew or should have known about, in the exercise of reasonable care;

  u. Failure to protect against hazards arising in areas or equipment that remained under Defendants' active control;

  v. Failure to intervene;

  w. Failure to implement, follow, and enforce proper safety procedures;

  x. Other acts deemed negligent, negligent *per se*, and grossly negligent; and

  y. failure and negligence in other respects that will be shown at trial.

26. As a result of said injuries, Plaintiff has suffered great pain of body and anguish of mind, incurred medical and hospital expenses, lost a great deal of time from his usual work, and has suffered and will suffer other damages as will be shown at the trial.

27. Plaintiff brings this claim against Defendant, Garber Bros. LLC, as the owner and operator of the M/V SEA OAK.

28. Plaintiff brings this claim against Defendant, Callan Marine Ltd., as a "dual capacity" employer as these injuries resulted from its capacity as an owner of the vessels, specifically the Dredge GENERAL MACARTHUR and its support flotilla of vessels and the M/V SEA OAK. Defendant, Callan Marine, Ltd., is not a stevedore and was not providing stevedoring services but was instead using these vessels as a part of its dredging operations

29. This cause of action is for negligence pursuant to 33 U.S.C. §905(b).

**WHEREFORE, PLAINTIFF DEMANDS JUDGMENT IN THE AMOUNT OF ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00) AGAINST**

**DEFENDANTS PLUS INTEREST, COSTS, AND SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS APPROPRIATE.**

## COUNT VI

**RETALIATORY DISCHARGE/ABUSIVE DISCHARGE/WRONFUL TERMINATION**

30. Plaintiff reaffirms and realleges Paragraphs 1 through 29 above as if specifically affirmed and alleged herein.

31. Plaintiff was denied adequate medical treatment and was ultimately fired for reporting these injury events and seeking medical treatment. As such, Plaintiff has a claim for retaliatory discharge/abusive discharge/wrongful termination. This claim is an intentional tort, entitling Plaintiff to compensatory damages caused by the abusive firing, including the expenses of finding new employment, lost earnings, and lost future earnings.

**WHEREFORE, PLAINTIFF DEMANDS JUDGMENT IN THE AMOUNT OF ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00) AGAINST DEFENDANTS PLUS INTEREST, COSTS, AND SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS APPROPRIATE.**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Dated: July 1, 2022

                                        Plaintiff,
                                        By his attorneys,

                                        /s/   Sean O'Rourke
                                        Sean E. O'Rourke,
                                        Southern District Id. No. 685220
                                        (Tx. Bar # 24046547)
                                        Simon and O'Rourke Law Firm
                                        711 Bay Area Blvd., Ste. 225
                                        Webster, Texas 77598
                                        Phone: 281-667-4081
                                        Fax:   281-823-7482
                                        Email: sorourke@solawpc.com